857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frances P. ABNEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-6045.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1988.
 
 1
 Before KEITH and DAVID A. NELSON, Circuit Judges, and PATRICK J. DUGGAN,* District Judge.
 
 
 2
 Plaintiff, Frances P. Abney ("Abney"), appeals from the order of the district court granting summary judgment for defendant, Secretary Department of Health and Human Services. For the following reasons, we affirm.
 
 
 3
 Abney filed an application on April 2, 1985, for disability benefits pursuant to the Social Security Act, 42 U.S.C. Secs. 416(i), 423, alleging disability dating from October 1966. Abney had previously been awarded benefits for much of this period; however, an administrative law judge ("ALJ") had determined that her disability had ended in September 1981 with entitlement to benefits terminating on November 30, 1981. Abney's 1985 application was denied originally by the Social Security Administration on April 26, 1985, and on reconsideration on July 30, 1985.
 
 
 4
 A hearing was requested and held before an ALJ on December 6, 1985. On January 31, 1986, the ALJ again denied disability benefits, finding that Abney did not have a severe impairment, 20 C.F.R. Secs. 404.1520(c), 416.920(c). This decision was affirmed by the Appeals Council on June 30, 1986, and became the final decision of the Secretary.
 
 
 5
 Abney then filed suit in the United States District Court for the Western District of Kentucky, seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). The action was assigned to a Magistrate, who recommended, in his Findings of Fact, Conclusions of Law and Recommendations dated March 30, 1987, that the district court grant summary judgment for appellee. The district court entered an order accepting that recommendation on August 26, 1987. This appeal followed.
 
 
 6
 Abney has not engaged in substantial gainful work activity since October 1966 when she underwent surgery for an injury to her back. She has testified as to the existence of symptoms of back pain, leg pain and numbness since that time. Moreover, Abney has testified that she re-injured her back approximately three months prior to her hearing before the ALJ in December 1985, and that this re-injury had led to a qualitative and quantitative increase in pain in both legs and her neck.
 
 
 7
 Abney's primary contention on appeal is that the ALJ erred in halting his review of Abney's claim at Step Two of the sequential evaluation process provided for in Social Security Regulations Nos. 4 and 16 to evaluate disability pursuant to 20 C.F.R. Sec. 404.1520. That sequential process provides that:
 
 
 8
 1. An individual who is working and engaging in subsantial gainful activity will not be found to be "disabled regardless of medical findings (20 CFR 404.1520(b) and 416.920(b));
 
 
 9
 2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 CFR 404.1520(c) and 416.920(c));
 
 
 10
 3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 CFR 404.1520(d) and 416.920(d));
 
 
 11
 4. If an individual is capable of performing work he or she had done in the past, a finding of "not disabled," must be made (20 CFR 404.1520(e) and 416.920(e));
 
 
 12
 5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 CFR 404.1520(f) and 416.920(f)).
 
 
 13
 The precise language governing the second step of the evaluationi ppears as follows:
 
 
 14
 If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education and work experience.
 
 
 15
 20 C.F.R. Secs. 404.1520(c), 416.920(c). The term "non-severe impairment" is further defined at 20 C.F.R. Sec. 404.1521:
 
 
 16
 (a) Non-severe impairment (s). An impairment of combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
 
 
 17
 (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessalry to do most jobs. Examples of these include--
 
 
 18
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 
 
 19
 (2) Capacities for seeing, hearing, and speaking;
 
 
 20
 (3) Understanding, carrying out, and remembering simple instructions;
 
 
 21
 (4) Use of judgment;
 
 
 22
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 
 
 23
 (6) Dealing with changes in a routine work setting.
 
 
 24
 In 1985, this court ruled that, in order to allow "administrative determination of the crucial statutory question: whether, in fact, the impairment prevents the claimant from working, given the claimant's age, education and experience," as well as to fulfill that panel's interpretation of the second stage evaluation as promoting "administrative efficiency by allowing the Secretary to screen out totally groundless claims," the standard used to reject claims as involving non-severe impairments would be further narrowed:
 
 
 25
 [I]n order to ensure consistency with statutory disability standards, an impairment can be considered as not severe, and the application rejected at the second stage of the sequential evaluation process, only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'
 
 
 26
 Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th Cir.1985).
 
 
 27
 The ALJ concluded that Abney "does not have any impairment or impairments, either singly or in combination, which significantly limit her ability to perform basic work-related activities; therefore, [Abney] does not have a severe impairment (20 C.F.R. 404.1521 and 416.921)." Decision of ALJ, January 31, 1986 at 15. We conclude that substantial evidence exists to preserve this finding even within the narrowing strictures of Farris.
 
 
 28
 The relevant medical evidence was aptly summarized by the ALJ:
 
 
 29
 Treatment notes form Dr. Patrick O'Neill indicate that the claimant does not have a symptomatic cystocele, apparently accounting for her complaints of urinary incontinence. However, there is no documentary evidence to show that this condition would limit the claimant in her ability to sit, stand, walk, or lift. While her urinary incontinence would present a nuisance, it cannot be considered a disabling condition and it can be accommodated by the wearing of protective undergarments, as supported by the claimant's own testimony.
 
 
 30
 The medical evidence reveals that the claimant does have a prior history of back surgery for removal of a herniated disc, this surgery apparently occurring in 1966. However, in August 1981, when examined by Dr. Ben E. Woodward in connection with a review of her disability status, the claimant was found to have no significant anatomical or physiological abnormality. In this regard, the claimant was observed to walk with a slight limp on the right but her strength was good. She was also able to heel and toe walk and neurological examination of the lower extremities revealed normal reflexes. Further, examination revealed no obvious muscle atrophy. X-rays taken during this examination revealed no evidence of arthritis and the lumbar disc spaces were shown to be well maintained (Exhibit B-5). The treatment notes from Dr. O'Neill indicate that the claimant has reported symptoms of back pain with numbness and aching in her right leg, but on examination by Dr. Joseph C. Stiles on February 26, 1985, the claimant was found to have normal straight leg raising bilaterally and there was no apparent muscle spasm in the lower back. The claimant did complain of significant pain and she exhibited limitation of range of motion of the lumbar spine in all directions, but no extensor muscle loss was noted and deep tendon reflexes of the knees were equal and active. This physician did note that the claimant's right ankle reflex appeared reduced but he noted that her original complaints of pain and her actual surgery were apparently left-sided, leading him to conclude that the reduced or absent reflex on the right side was not of significance (Exhibit B-7).
 
 
 31
 On April 16, 1985, the claimant was seen by a consulting orthopedist, Dr. M. Anwarul Quader, and he also reported relatively normal physical findings. Specifically, he did note a very slight limp on the right side but measurement revealed leg lengths to be equal. Examination revealed no muscle spasm or tenderness in the lower back and straight leg raising was negative bilaterally. Demonstrated range of motion of the lumbar spine was somewhat restricted but all other test results were within normal limits. This physician also noted that both ankle jerks were absent but that all other reflexes were present, symmetrical and physiological. He interpreted X-rays as revealing only slight narrowing of the disc space between L5 and S1 with osteoporosis of the vertebrae present. (Exhibit B-8).
 
 
 32
 Decision of ALJ at 5. Even a generous reading of the medical evidence leads to the conclusion that, although Abney has consistently complained of severe pain, any actual impairment is a "slight abnormality" of the type referred to in Farris. 773 F.2d at 89-90.
 
 
 33
 Abney argues that her pain alone may constitute a disability, and that the ALJ failed to specify the reasons why he did not find her testimony as to her pain to be credible. As for the first point, while "it is well settled that pain alone may be so severe that it constitutes a disability," e.g., Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 852, "subjective complaints of pain alone cannot themselves establish the existence of a disability. Rather, objective medical evidence which confirms the existence of the pain is required." Shavers v. Secretary of Health and Human Services, 839 F.2d 232, 234-5 (6th Cir.1987); Duncan, 801 F.2d at 852-53.
 
 
 34
 Section 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460 (Oct. 9, 1984) provides the statutory standard for evaluating subjective testimony of disabling pain for determinations made prior to January 1, 1987:
 
 
 35
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalties which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all the evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in making a conclusion as to whether the individual is under a disability.
 
 
 36
 In implementing Sec. 3(a)(1), we employ a two-pronged test which requires (1) objective medical evidence of an underlying medical condition; and (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or an objectively determined medical condition of a severity which can reasonably be expected to give rise to the alleged pain. Duncan, 801 F.2d at 853.
 
 
 37
 Obviously, the two inquiries pursued here--whether a severe impairment exists pursuant to Step Two, and whether the Duncan test is satisfied--are interrelated in that the non-severe impairments here also fail to satisfy the second alternative test of the second prong. However, it is not the case that the underlying medical condition described in the first prong of the Duncan test is, in all cases, equivalent to a severe impairment as defined in the sequential evaluation. One could, after all, imagine an underlying medical "condition" whose only disabling characteristic was that it caused a great deal of pain--a situation provided for in the first alternative test of the second prong. In any event, that alternative test is not satisfied either; the objective medical evidence does not indicate disabling pain arising from Abney's condition which would support Abney's subjective testimony as to her pain.
 
 
 38
 Indeed, as the ALJ's treatment of that testimony, Abney is simply incorrect in her assertion that the ALJ did not specify his reasons for rejecting her subjective complaints of pain. In his decision, the ALJ noted that:
 
 
 39
 [c]laimant has failed to establish by the weight of the medical evidence a medical impairment or a combination of impairments demonstrable by medically acceptable clinical and laboratory diagnostic techniques of such severity as would preclude her from engaging in all forms of substantial gainful work activity for any continuous period of 12 full months. Claimant's testimony as to severe pain, suffering and total disability not being supported by the weight of the medical evidence is in that regard found to be not credible. Additionally, it should be noted that at time of the hearing the claimant did not exhibit any outward signs that one would associate with an individual suffering discomfort, let alone severe, disabling, distracting-type pain, and the claimant was able to answer questions in a logical manner.
 
 
 40
 For the above reasons, the judgment of the district court is affirmed.[1]
 
 
 
 *
 Honorable Patrick J. Duggan, U.S. District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Abney also argues that her spinal condition meets or equals the Listing for Disorders of the Spine, 20 C.F.R. Subpart P, App. 1.05(c). Because substantial evidence exists to support the determination that no severe impairment exists, we do not reach the Listings inquiry. 20 C.F.R. Secs. 404.1520(d), 416.920(d)